
ORIGINAL

**ORDR**
DAVID A. TANNER, ESQ.
Nevada Bar No. 8282
**TANNER LAW FIRM**
8635 S. Eastern Ave.
Las Vegas, NV 89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
and
NOEL PALMER SIMPSON, ESQ.
Nevada Bar No. 9642
**PALMER LAW GROUP, PLLC**
5532 S. Fort Apache, Suite 120
Las Vegas, NV 89148
Telephone (702) 776-7680
Facsimile (702) 776-7684
noel@plgelderlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAYDELYN TILLMAN, a minor, by and through her natural mother, BETHANY CARLETON, | CASE NO.: 2:12-cv-02006-JAD-CWH. |
| Plaintiff, | |
| vs. | |
| NYE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually; HOLLY LEPISTO, individually; PHYLLIS DUSHANE, individually; KATHRYN CUMMINGS, individually; | |
| Defendants. | |

## ORDER GRANTING PLAINTIFF'S PETITION FOR MINOR'S COMPROMISE, PAYMENT OF ATTORNEYS' COSTS AND FEES, AND FOR THE CREATION OF THE JAYDELYN TILLMAN SPECIAL NEEDS TRUST

1

THIS MATTER came before the Court upon the verified Petition of Plaintiff, JAYDELYN TILLMAN, a minor, by and through her natural mother, BETHANY CARLETON, both of whom appear by and through their attorneys, NOEL PALMER SIMPSON, ESQ., of the PALMER LAW GROUP, PLLC, and DAVID A. TANNER, ESQ., of the TANNER LAW FIRM, pursuant to their *Petition for authority to accept the compromise of the minor's claims, in accordance with Nevada Revised Statute §41.200, and create the JAYDELYN TILLMAN Special Needs Trust pursuant to Title 42 of the U.S.C. §1396p(d)(4)(A),* in lieu of a blocked account, and the Court having fully considered the matter and being fully familiar with the pleadings and papers on file herein, the Court finds as follows:

1. That BETHANY CARLETON is JAYDELYN'S mother and is legally permitted to bring this Petition on JAYDELYN'S behalf pursuant to NRS 12.080.

2. Plaintiff, JAYDELYN TILLMAN ("JAYDELYN") is a child who suffers from multiple handicaps including that she is blind, mentally challenged, and non-verbal and is thus physical, mental and emotional injuries to her person as a result of the actions of the Defendants largely unable to communicate with words or other traditional means. She has suffered serious harm in the instant Federal District Court action.

3. As a result of the terms of the Agreement, JAYDELYN TILLMAN is about to receive funds that exceed the resource limits for the means-tested government programs she now qualifies for, however JAYDELYN TILLMAN is disabled as defined in section 1614(a)(3) of the Social Security Act and therefore the Agreement proceeds may be directed to a Special Needs Trust for the sole benefit of JAYDELYN TILLMAN pursuant to Title 42 of the U.S.C. §1396p(d)(4)(A), as amended on August 10, 1993, by the Omnibus reconciliation Act.

4. The court has an inherent duty to protect the interests of minors and incompetents who appear before it. See *Keith v. Jackson*, 855 F. Supp 765, 775 (E.D. Pa. 1994) (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978)). As part of that duty, the court must determine the fairness of any settlement agreement and the reasonableness of any

attorneys' fees to be paid from the settlement amount in a suit brought on behalf of a minor or incompetent.

5. Federal Courts have held that it is appropriate to apply the rules prescribed by state law in determining the fairness of a minor's compromise and the reasonableness of any attorneys' fees allocated from that settlement in both federal question and diversity cases.[1] For example, see *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), and *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F. Supp.2d 794, 801 (E.D. Pa. 1999).

6. In approving the Settlement, the court must also assess the reasonableness of the requested counsel fees. In doing so, the court must "strike a balance between being a 'passive pro forma rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees."[2]

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Court grants the Plaintiff the authority to compromise the claims of the minor, JAYDELYN TILLMAN, and accept the proposed Settlement in accordance with Nevada Revised Statute §41.200, and create the JAYDELYN TILLMAN Special Needs Trust pursuant to Title 42 of the U.S.C. §1396p(d)(4)(A) in lieu of a blocked account.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court finds that the settlement amount of $170,000.00 is hereby approved. This amount shall be disbursed as set forth below.

---

[1] Local district courts are authorized to adopt rules of procedure. See 28 U.S.C. § 2071. The local rules, however, must be consistent with the national rules. See Fed. R. Civ. P. 83(a) ("A local rule shall be consistent with – but not duplicative of – Acts of Congress and [the national] rules...."). Once adopted, the local rule has the force of law. See *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284 (E.D. Pa. 1992) (citing *Baylson v. Disciplinary Bd. of the Supreme Court of Pa.*, 764 F. Supp. 328, 348 (E.D. Pa. 1991), aff'd, 975 F.2d 102 (3d Cir. 1992)).

[2] *Stecyk*, 53 F. Supp.2d at 800-01 (quoting *Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)).

3

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** NOEL PALMER SIMPSON, ESQ, the Plaintiff's attorney, and consultant, is ready, willing and able to act as Trustee of the JAYDELYN TILLMAN SPECIAL NEEDS TRUST.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the JAYDELYN TILLMAN SPECIAL NEEDS TRUST is hereby confirmed by this Order of the Court, with said Order to be incorporated and made a part of the Trust.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** the remaining proceeds of the Agreement are awarded first towards adjudicated attorney fees, costs, and relevant legal expenses necessary to prevent the termination of JAYDELYN TILLMAN'S government benefits due to excess resources.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that proper notice was given to all parties in this matter; and that the binding settlement is hereby confirmed by the Court as the final settlement of the matter between JAYDELYN TILLMAN, in this case: *JAYDELYN TILLMAN, a minor, by and through her natural mother, BETHANY CARLETON, Plaintiff, vs. NYE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually, HOLLY LEPISTO, individually, PHYLLIS DUSHANE, individually, KATHRYN CUMMINGS, individually; Defendants; Case No. 2:12-cv-02006-JAD-CWH.*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court confirms NOEL PALMER SIMPSON, ESQ., as Trustee of the JAYDELYN TILLMAN SPECIAL NEEDS TRUST by this Court Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the proceeds of the agreement shall be made payable as follows: $89,342.78 to The Palmer Law Group, PLLC as Trustee of the JAYDELYN TILLMAN SPECIAL NEEDS TRUST; $68,000.00 as attorneys' fees to the Tanner Law Firm; and $12,657.22 as costs to the Tanner Law Firm.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all settlement money shall be paid to the Palmer Law Group, PLLC and the Tanner Law Firm as set forth above within 30 calendar days from the date of this Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Trustee is hereby directed and authorized to deposit the amounts received by it (namely $89,342.78) into a Trust account for the sole benefit of JAYDELYN TILLMAN in the name of the JAYDELYN TILLMAN SPECIAL NEEDS TRUST.

IT IS FURTHER ORDERED AND DECREED that NOEL PALMER SIMPSON, as the Trustee, is hereby authorized to do and perform all acts and to execute and deliver all papers, documents and instruments necessary to consummate the proposed transactions.

*The petition [##41, 42] IS GRANTED.*

DATED this 6th day of June, 2014.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:
TANNER LAW FIRM
and
PALMER LAW GROUP, PLLC

_____
DAVID A. TANNER, ESQ.
Nevada Bar No. 8282
8635 S. Eastern Ave.
Las Vegas, NV 89123

and

NOEL PALMER SIMPSON, ESQ.
Nevada Bar No. 9642
5532 S. Fort Apache Rd. Ste. 120
Las Vegas, NV 89148

Attorneys for Plaintiff

5